**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JAMIESON YUL MAGEE, #T-6593**                                    **PETITIONER**

**VERSUS**                                                     **NO. 1:08cv112-HSO-JMR**

**UNKNOWN BANKS, WARDEN**                                        **RESPONDENT**

## REPORT AND RECOMMENDATION

This matter is before the Court on Jamieson Magee's Petition [1-1] for Writ of Habeas Corpus, which is accompanied by a Memorandum [2-1] in Support. The Respondent has filed an Answer [7-1] to the Petition. To date, Petitioner has not filed a response in opposition. This Court, having been advised in the premises and having considered the entire record, including the lodged state court record, the Petition [1-1], the Answer [7-1], and all relevant law, finds that Jamieson Magee's Petition [1-1] for Writ of Habeas Corpus should be denied.

## STATEMENT OF THE CASE

The Petitioner, Jamieson Magee ("Magee") was convicted of two counts of Transfer of a Controlled Substance in the Circuit Court of Hancock County, Mississippi. Magee was sentenced to serve a term of fifteen (15) years on each count, to run consecutively, in the custody of the Mississippi Department of Corrections ("MDOC"). *See* State Court Record, ("S.C.R") vol. 1, 18-19. Magee appealed his convictions and sentences to the Mississippi Court of Appeals. On March 6, 2007, the Mississippi Court of Appeals affirmed Magee's convictions and sentences. *See Magee v. State*, 951 So.2d 589 (Miss.Ct.App. 2007), attach. Ex. "A" to Respondent's Answer [7-2]. Thereafter, Magee filed an "Application For Leave To Proceed In The Trial Court" and supporting brief in the Mississippi Supreme Court, which subsequently denied Magee's motion, finding that he failed to make a substantial showing of the denial of a state or federal right. ( *See* Ex. "B" Attach.

Respondent's Answer [7-2].)

Magee filed the instant Petition [1-1] raising the following ground (as stated by Petitioner):

> Ground One: Denied effective assistance of counsel due to conflict of interests. On the above date of October 8, 2003, defendant Magee trial has begun and defendant attorney Mr. Alexander was absent for approximately 21 minutes and five (5) witnesses had already testified in his absent. Never did Mr. Alexander inform the court about his conflict of interests nor asked or requested a continuance. But he repeatedly stated [my first loyalty is to youth court].

(*See* Pet. [1-1].) Magee is currently in the custody of Jacquelyn Banks, Warden of the Wilkinson County Correctional Facility in Woodville, Mississippi.

## ANALYSIS

The Respondent submits, and the Court agrees, that the sole claim raised by Magee in his present Petition [1-1] was reviewed by the Mississippi Supreme Court on post-conviction review and denied on the merits. Thus, this claim will be addressed under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA amended 28 U.S.C. § 2254, which governs the standard of review for petitions for writs of habeas corpus filed by prisoners in state custody. The AEDPA amendments apply to all cases filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).[1] Magee filed his federal Petition [1-1] in this Court on March 26, 2008. Therefore, this Court will apply § 2254, as amended by the AEDPA.

The amended version of § 2254(d) governs the standard of review and provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted with respect to any claim that was adjudicated on the merits in State Court

---

[1]This Court notes that *Lindh* effectively overrules *Drinkard v. Johnson*, 97 F.3d 751 (5th Cir. 1996), *cert. denied* 520 U.S. 1107 (1997), on this point. *Nobles v. Johnson*, 127 F.3d 409, 413 & n.4 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998); *Green v. Johnson*, 116 F.3d 1115, 1120 n.2 (5th Cir. 1997).

> proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved with an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d) (1994 ed., Supp. III).

The United States Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), explicated the level of deference required under the AEDPA amendments. The Court made a general but important point when it stated that "§2254(d)(1) places a new constraint on the power of a federal habeas Court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state Court." *Id.* at 412. More specifically, the Court addressed the two ways in which a state Court decision could be "contrary to" clearly established precedent:

> First, a state-court decision is contrary to this Court's precedent if the state Court arrives at a conclusion opposite to that reached by this Court on a question of law. Second, a state-court decision is also contrary to this Court's precedent if the state Court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours.

*Id.* at 405.

The Court then discussed the standard set forth in the "unreasonable application" clause. The Court explained that issues which involve a state Court's application of law to facts (i.e., mixed questions) require a federal habeas Court to utilize an analysis derived from the AEDPA's "unreasonable application" clause. *Id.* at 408-09. The Court summarized its "unreasonable application" clause analysis as follows: "[A] federal habeas Court may grant the writ if the state Court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of that prisoner's case." *Id.* at 413; *see also Tucker v. Johnson*,

242 F.3d 617, 621 & n.5 (5th Cir.)(quoting and following *Williams'* "unreasonable application" analysis), *cert. denied*, 533 U.S. 972 (2001). In other words, the standard under § 2254(d)(1)'s "unreasonable application" clause is whether the state-court decision was objectively unreasonable.[2]

However, the deferential standards found in the AEDPA amendment do not apply when the state Court has rejected a claim on procedural grounds or when the claim is unexhausted. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). As a threshold matter, this Court must determine whether a given determination was "on the merits," procedurally barred, or exhausted. *Drinkard*, 97 F.3d at 766. "On the merits" is a term of art that refers to whether a state-court disposition was procedural or substantive. *Green*, 116 F.3d at 1121. *Green v. Johnson* sets forth a three-factor test that speaks to this issue.[3]

In Ground One, Magee argues that he received ineffective assistance of counsel at his criminal trial. (*See* Pet. [1-1] 5.) Specifically, Magee claims that on the second day of trial, counsel was twenty-one (21) minutes late because of his obligation to youth court and thereby suffered from a conflict of interest which rendered him ineffective. The United States Supreme Court announced its two-prong test for ineffective assistance of counsel claims in *Strickland v. Washington*:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

---

[2]The Court's self-professed most important point was that the term "unreasonable,"as used in the AEDPA, connotes an objective standard–i.e., "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U. S. at 409-10 (emphasis in original). *Williams* rejects the subjective analysis offered in *Drinkard*, 97 F.3d at 767-768, in favor of an objective standard. *Id.* at 410; *see also Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001)(recognizing rejection of *Drinkard's* subjective reading of the AEDPA).

[3]In making the determination whether a resolution was on the merits, a court should consider the following factors: (1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any ground for not adjudicating the case on the merits; and (3) whether the state courts' opinions suggest reliance upon procedural grounds rather than a determination of the merits. *Id*.

> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. 668, 687 (1984). The Defendant must satisfy both prongs by a preponderance of the evidence. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). If the Court finds against the Defendant on either element, then the petition for the writ may be denied on the Petitioner's ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 697.

Under the deficiency prong of the test, the defendant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed under the Sixth Amendment. *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance is highly deferential and must be considered in light of the services rendered at the time, rather than by a distorted view of 20/20 hindsight. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). "Our scrutiny of counsel's performance is 'highly deferential' and we must make every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of the counsel's perspective at the time.'" *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Counsel's services are not evaluated in a vacuum, and all circumstances are considered in determining whether the performance was reasonable under prevailing professional standards. *Lavernia*, 845 F.2d at 498. Finally, there is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir.1986).

To prove prejudice, a defendant must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert denied* 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S.364, 369 (1993); *Sharp v. Johnson,* 107 F.3d

282, 286 n.9 (5th Cir. 1997). To meet the prejudice prong, a defendant must affirmatively prove and not merely allege prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.) *cert denied*, 476 U.S. 1143 (1986). There is no constitutional entitlement to error free representation. *Washington v. Watkins*, 655 F.2d 1346, 1367 (5th Cir. 1981) *cert denied*, 456 U.S. 949 (1982).

Counsel's performance is considered deficient if "it falls below an objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S. at 688. The Court must determine whether there is a gap between what counsel actually did and what a reasonable attorney would have done under the circumstances. *Neal v. Puckett*, 239 F.3d 683, 687 (5th Cir. 2001). In scrutinizing counsel's performance, the Court must make every effort to "eliminate the distorting effects of hindsight," and will not assume that counsel's performance is deficient merely because the Court disagrees with trial counsel's strategy. *Id.* (citations omitted).

To merit habeas corpus relief on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy both prongs of *Strickland* by demonstrating both constitutionally deficient performance by counsel and actual prejudice as a result of such ineffective assistance. *See also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish both prongs of the *Strickland* test warrants rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds). Furthermore, the test for federal habeas purposes is not whether the petitioner made the showing required under *Strickland*. Instead, the test for succeeding on his ineffective assistance of counsel claim is whether the state court's decision, that the petitioner did not satisfy *Strickland*, was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*). *See Busby v. Dretke*, 359 F.3d 708, 717 (5th Cir. 2004).

Magee argues that his trial counsel "was absent for approximately 21 minutes an[d] five (5) witnesses had already testified in his absen[ce]." (*See* Pet. [1-1] 5.) However, as Respondent correctly notes, this is simply not true. According to the record, Magee's criminal trial lasted two days. (*See* S.C.R. vol. 2, 1-113.) On the first day of trial six (6) witnesses testified on behalf of the State, and Magee's counsel was clearly present and actively participating in the examination of those witnesses. *Id.* At the end of the first day of trial, the judge instructed the parties to be back in the courtroom at 9:00 a.m. the following morning. *Id.* at 115. The judge instructed the jurors to report to the jury room, not the courtroom, at 9:00 a.m. as well. *Id.* The record clearly reflects that on the next morning, prior to the start of the proceedings and outside the presence of the jury, the trial judge made a record of the fact that it was after 9:00 a.m. and defense counsel had not yet arrived in the courtroom. *Id.* at 116. The judge noted that defense counsel arrived at 9:21 a.m. *Id.* at 116-17. The trial judge had a discussion with defense counsel on the record about his tardiness. *Id.* at 116-122. The discussion concerned defense counsel serving as guardian ad litem of the Hancock County Youth Court, and, because youth court proceedings were always scheduled on the same day of the week, such might create a scheduling conflict with Magee's trial. *Id.*

At the start of the second day of trial, defense counsel first went to youth court until a substitute guardian ad litem relieved him of his duties. *Id.* Mr. Alexander, Magee's defense counsel, appeared in circuit court at approximately 9:21 a.m. on the start of the second day of trial. *Id.* While on the record, outside the presence of the jury, the trial judge discussed the matter thoroughly with defense counsel, apparently in an attempt to make a record for any potential disciplinary actions. *Id.* at 117-22. Thereafter, the jury was brought into the courtroom and the trial resumed with the State calling its next witness. *Id.* at 123-277. Magee's defense

counsel played an active role during the second day of trial by cross-examining State's witnesses, putting on the defense's case, participating in jury instructions and making closing arguments on behalf of Magee. *Id.*

Magee also asserts that Mr. Alexander did not inform the court about his "conflict of interest." (*See* Pet. [1-1] 5.) However, the record reflects that the trial judge knew about defense counsel's obligation to the youth court prior to the start of trial. ( *See* S.C.R. vol. 2, 116-22.) Also, at the start of the second day of trial, the judge attempted to call the youth court and locate defense counsel. *Id.* at 117.

The Respondent submits, and the Court agrees, that Magee's claim of ineffective assistance of counsel/conflict of interest is nothing more than a misleading allegation that fails to meet either prong of the *Strickland* test. As previously stated, criminal defendants are entitled, under the Sixth Amendment, to the assistance of counsel who is not "burdened by an actual conflict of interest," *Strickland*, 466 U.S. at 692, and whose loyalties are not divided. *Hess v. Mazurkiewicz*, 135 F.3d 905, 910 (3rd Cir. 1998). An attorney labors under an "actual conflict" when he "actively represent[s] conflicting interests," *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980), when he "represents two clients whose interests in the outcome of a matter are different," *Perillo v. Johnson*, 79 F.3d 441, 447 (5th Cir. 1996), when the introduction of probative evidence or plausible arguments would significantly benefit one defendant to the detriment of another defendant who is represented by the same attorney, *United States v. Placente*, 81 F.3d 555, 558-59 (5th Cir. 1996), or when the attorney "places himself in a position conducive to divided loyalties." *Id.* at 558 (citing *United States v. Carpenter*, 769 F.2d 258, 263 (5th Cir. 1985)). At its most basic, however, an actual conflict is based on an attorney's representation of "inconsistent interests." *Smith v. White*, 815 F.2d 1401, 1405 (11th Cir.) *cert.*

*denied*, 484 U.S. 863, 108 S. Ct. 181, 98 L. Ed. 2d 133 (1987). Where a petitioner is able to demonstrate that his counsel labored under an actual conflict of interest, habeas relief is available if he can also show that the conflict "adversely affected" his attorney's performance. *Cuyler*, 446 U.S. at 348.

When the alleged conflict of interest is not based on an attorney's alleged divided loyalties to different clients, but is instead based on a conflict between the attorney's own personal interest and the interests of his client, the alleged conflict and counsel's resultant performance are judged under the ineffectiveness standards set forth in *Strickland*. *See United States v. Newell*, 315 F.3d 510, 516 (5th Cir. 2002). Under *Strickland*, a petitioner must show that his counsel's performance was deficient and that he was prejudiced. *Strickland*, 466 U.S. at 687. Deficiency is judged by an objective reasonableness standard, with great deference given to counsel and a presumption that the disputed conduct is reasonable. *Id.* at 687-89. The prejudice element requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A petitioner has the burden to prove both the deficiency and the prejudice prongs in order to be entitled to relief. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

Magee's trial record fully represents that his counsel was not laboring under an actual conflict of interest. The only interest of counsel's that could be said to have been adverse to Magee was counsel's personal scheduling conflicts, which in no way affected Magee's trial other than a twenty-one (21) minute delay on the second day. Magee fails to exhibit how his defense counsel's twenty-one (21) minute tardiness and scheduling conflict affected the trial or his performance during trial. Magee has failed to show how his counsel's actions fell below an "objective standard of reasonableness" as measured by professional norms. *Strickland*, 466 U.S.

at 688. Magee presents no evidence to show the existence of an actual conflict which adversely affected his lawyer's performance while acting as counsel and no evidence that Mr. Alexander's conduct at any time rendered the verdict unreliable. The record is clear that Magee's counsel's performance was not deficient and that Magee suffered no prejudice.

Based on the foregoing analysis, the Court finds that Magee fails to establish by either prong of the *Strickland* analysis that his trial counsel was ineffective. Accordingly, this Court finds that the Mississippi State Supreme Court's decision that Magee failed to make a substantial showing of the denial of a state or federal right was neither contrary to nor an unreasonable application of clearly established federal law. Thus, Magee is not entitled to habeas relief for his ineffective assistance of counsel/conflict on interest claim raised in Ground One.

## **CONCLUSION**

Based on the forgoing analysis, this Court recommends that Magee's Petition [1-1] for Writ of Habeas Corpus be denied. In accordance with Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the district Court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the ___22nd___ day of March, 2010.

_s/ John M. Roper, Sr._

CHIEF UNITED STATES MAGISTRATE JUDGE